# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMONE C. CUNNINGHAM, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 19-CV-1298-SMY |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ramone C. Cunningham filed a Habeas Petition Under 28 U.S.C. § 2255, arguing that his prior conviction for second-degree burglary could not be used to enhance his sentence pursuant to the Armed Career Criminal Act. *See Mathis v. United States*, 136 S.Ct. 2243 (2016); *Johnson v. United States* 135 S.Ct. 2551 (2015) (Doc. 1). For the following reasons, Cunningham's Petition is **DISMISSED** for lack of jurisdiction.

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Cunningham's Petition establishes that it must be dismissed as an unauthorized second or successive habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir.

2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Cunningham previously filed a § 2255 Petition raising the same ground for relief as the instant Petition and received a full round of collateral review (*see Cunningham v. United States*, Case No. 16-cv-722-MJR). As such, the instant Petition requires prior approval from the Seventh Circuit. Because there is no indication that Cunningham has sought permission from the Seventh Circuit to file a second or successive § 2255 Petition, this Court is without jurisdiction to consider the pending Petition, and it must be dismissed. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)). Accordingly, Cunningham's Habeas Petition Under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, Cunningham did not obtain leave to file a successive § 2255 petition. Accordingly, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: January 21, 2020**

**STACI M. YANDLE**
**United States District Judge**